UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTH DIVISION

| | |
|---|---|
| RHONDA YVONNE ECHOLS,  ] | |
| ] | |
| Plaintiff,  ] | |
| ] | |
| vs.  ] | 2:11-CV-2757-LSC |
| ] | |
| MICHAEL J. ASTRUE,  ] | |
| Commissioner of Social Security,  ] | |
| ] | |
| Defendant.  ] | |

MEMORANDUM OF OPINION

I.   Introduction

The plaintiff, Rhonda Yvonne Echols, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Ms. Echols timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Echols was fifty-two years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school education. (Tr. at 34.) Her past work experiences include employment as a forklift operator, waitress, transmissions kit

builder and deliverer, and collections representative. (*Id.* at 137.) Ms. Echols claims that she became disabled on June 1, 2007, because of Chronic Obstructive Pulmonary Disease (COPD), allergies, bronchitis, and facial pain related to her jaw joints and hypoglycemia. (*Id.* at 34.) Ms. Echols has also been treated for anxiety and chronic lower back pain. (*Id.* at 35.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether

the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Echols meets the insured status requirements of the Social Security Act through December 31, 2012. (Tr. at 34.) He further determined that Ms. Echols has not engaged in

substantial gainful activity since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's chronic obstructive pulmonary disease, asthma, hypoglycemia, and chronic lower back pain are considered "severe" based on the requirements set forth in the regulations. (*Id.* at 35.) The ALJ determined that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b); however, the work should require no more than occasional balancing, crawling, or reaching overhead. (*Id.* at 36.) In addition, Plaintiff should not be exposed to fumes, dust, vibrations, or extreme temperatures. (*Id.*)

According to the ALJ, Ms. Echols is able to perform past relevant work as a collections representative, both as actually and generally performed. (*Id.* at 38.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined by the Social Security Act, from June 1, 2007, through the date of this decision." (*Id.*)

II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See*

*Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.  Discussion

Ms. Echols alleges that the ALJ's decision should be reversed and remanded for three reasons. First, she believes that the ALJ failed to properly classify her mental impairments as severe. (Doc. 7 at 4.) Second, Plaintiff contends that the ALJ failed to properly consider the opinion of her treating physician. (*Id.* at 6.) Third, Plaintiff argues that the ALJ failed his duty to develop the record fully and fairly. (*Id.* at 8-9.)

A.  Severity of Mental Impairment

Plaintiff contends that the ALJ improperly classified her mental impairment as "non-severe," thus ending the sequential evaluation process of her mental condition at the second step. (Doc. 7 at 4.) Plaintiff has the "burden of showing her impairment is 'severe' within the meaning of the Act." *McDaniel v. Bowen*, 800 F.2d 1026, 1030-31 (11th Cir. 1986). The severity step is a threshold inquiry which allows only "claims based on the most trivial impairment to be rejected." *Id.* at 1031. Plaintiff's burden of showing severity is light; "a claimant need only show that her impairment is not so slight and its effect is not so minimal." *Id.* An impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work—irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).

However, Plaintiff must provide medical evidence establishing that she suffers from an impairment, and the severity of the impairment, during the stated time of disability. *See* 20 C.F.R. § 404.1512(c).

Substantial evidence supports the ALJ's determination that Plaintiff's mental impairment is "non-severe." Plaintiff argues that her treating physician, Dr. Russell, diagnosed her with anxiety and prescribed her the antidepressant medication, Xanax. (Tr. at 35.) However, as the ALJ noted, other than this prescription, no medical evidence exists regarding mental health treatment for the plaintiff. (*Id.*) A Xanax prescription, in and of itself, fails to establish the existence and severity of an impairment. *See* 20 C.F.R. § 404.1512(c). In fact, a prescription submitted without further evidence of a continued disability potentially suggests that Plaintiff's alleged impairment has been placed under control. *Id.* In addition, Plaintiff admits to carrying out household chores, shopping, preparing meals, and participating in hobbies—all of which are daily activities that suggest Plaintiff is not limited by any mental impairment. (*Id.* at 144-46.) Dr. Veluz, a consultative examiner, recognized Plaintiff's anxiety and depression, but neither he nor Dr. Russell assigned any functional limitation due to a mental condition. (*Id.* at 201.) Additionally, Dr. Estock, the state agency psychiatrist, diagnosed Plaintiff's mental impairments as "mild" and "not severe." (*Id.* at 205, 215,

217). The ALJ properly considered the existing medical evidence, which substantially supports his decision to classify Plaintiff's mental impairment as "non-severe."

      B.      Consideration of Treating Physician's Diagnoses

Plaintiff contends that the ALJ improperly evaluated her treating physician's opinion. (Doc. 7 at 6.) A treating physician "must be given substantial or considerable weight unless 'good cause' is shown contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir.2004). "Good cause" exists for an ALJ to give a physician's opinion no substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir.2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). However, the ALJ is "required to state with particularity the weight he gives to different medical opinions and the reasons why." *McCloud v. Barnhart*, 166 Fed. Appx. 410, 418–19 (11th Cir.2006)(citing *Blooksworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983)). Moreover, the opinion of a one-time examiner is not entitled to deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir.1987) (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)). The weight accorded to a medical opinion regarding the nature and severity of claimant's impairments depends,

among other things, upon the examining and treating relationship the medical source had with Plaintiff, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. § 416.927(d). When the ALJ gives little weight to a physician's opinion, he must give his reasons and while "particular phrases or formulations" do not have to be cited in an ALJ's credibility determination, it cannot be a "broad rejection" which is "not enough to enable [this Court] to conclude that [the ALJ] considered her [Plaintiff's] medical condition as a whole." *Dyer*, 395 F.3d at 1210 (quoting *Foote v. Chater*, 67 F.3d 1555, 1562 (11th Cir. 1995)).

Dr. Russell, Plaintiff's treating physician, conducted a physical capacities evaluation ("PCE") in September of 2009. (Tr. at 229-33.) On the evaluation form, Dr. Russell indicated that Plaintiff could never climb, bend, stoop, or perform fine manipulation; she could only occasionally push and pull, reach, or perform gross manipulation. (Tr. at 229.) He also found that Plaintiff's pain was intractable and virtually incapacitating, that physical activity would greatly increase pain to the degree as to cause distraction or total abandonment of task, and that drug side effects would be severe and limit effectiveness. (*Id.*)

The ALJ found that the other evidence of record "makes it difficult to accept that the claimant's physical impairments restrict her as severely as stated by Dr. Russell." (Tr. at 36.) In making his determination, the ALJ considered the plaintiff's medical records, an evaluation by a disability determination specialist, and the plaintiff's past work activities. The ALJ noted that Dr. Russell's opinion was conclusory and inconsistent with his own records. (Tr. at 37.) The opinion was given via answers circled on a form, with no explanations provided for the answers chosen. (Tr. at 229-33.) After reviewing Plaintiff's medical records, the ALJ found that the PCE was "not correlated to any clinical findings." (*Id.*)

In addition, the evidence supported a finding contrary to Dr. Russell's opinion. The ALJ noted that Plaintiff had received treatment from Dr. Russell since 2006 for hypoglycemia, chronic obstructive pulmonary disease (COPD), asthma, anxiety, and low back pain. (Tr. at 35.) However, the ALJ also noted that Plaintiff reported to Dr. Veluz, the disability determination specialist, that her hypoglycemia does not require treatment, and that controlling her diet helped it. (Tr. at 37, 199.) The ALJ found that the record did not pinpoint any worsening in her back pain since the time of her accident— over twenty-five years ago. (Tr. at 37.) Plaintiff indicated at her hearing and during her consultation with Dr. Veluz that Dr. Russell had not recommended surgery

for her back pain, and instead recommended only conservative treatment, including ice and heat for the area and taking pain medication. (Tr. at 17, 199.) Also, Plaintiff's treatment for chronic obstructive pulmonary (COPD) also remained conservative, with prescribed inhalers, breathing medicines, and antibiotic cough syrup. (Tr. at 37.) The ALJ considered the fact that the record did not contain any evidence of emergency room visits or hospitalization for COPD, although the disease had continued for over two decades. (*Id.*) The ALJ noted that Plaintiff's admission to smoking cigarettes since the age of 14 was "of no assistance." (Tr. at 37, 199.)

Finally, Dr. Russell's opinion was not bolstered by the evidence. The extensive amount of time between the accident causing Plaintiff's physical injuries and her onset date of disability supports the ALJ's finding that Plaintiff's pain testimony "lacks sufficient credibility to outweigh the contrary evidence." (Tr. at 37.) Although her diagnostic studies documented a bulging disc, she was able to work with this condition through 2007. (Tr. at 136-48.) Plaintiff's jaw joint pain and surgery on her jaw joint from fifteen years earlier did not preclude her from working as a telephone collections agent nor from currently making daily phone calls to family members. (*Id.*) The ALJ noted that following Plaintiff's termination from work in June 2007, she received unemployment benefits, "which mandate her certification that she is ready, willing and

able to work." (*Id.* at 16, 37.) Thus, substantial evidence supports the ALJ's discounting of Dr. Russell's opinion in favor of the evidence presented in the record that establishes Plaintiff's ability to work.

    C.    ALJ's Reference to a Single Decision-Maker

Plaintiff contends that the ALJ gave "controlling weight" to a non-examining state agency consultant who was a single decision-maker (SDM), and not a medical source. (Doc. 7 at 8.) The ALJ must assess and make findings about the claimant's RFC based on all relevant evidence, including medical reports and additional evidence. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(3), 416.920(a)(4)(iv); *Phillips*, 357 F.3d at 1238. Additionally, the ALJ's reference to an SDM's report in the midst of weighing evidence from the entire record does little more than to create a harmless error. *See Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 265 (11th Cir. 2009).

Substantial evidence demonstrates that the ALJ based his decision on the entire evidentiary record, which makes the ALJ's reference to an SDM's report merely a harmless error. The ALJ considered Dr. Russell's PCE. (Tr. at 36.) However, as previously discussed, the ALJ demonstrated good cause to discount Dr. Russell's opinion because it was not supported by the other evidence of record. (Tr. at 36-37.) The ALJ also considered Plaintiff's work history report, function report, medical

treatment records, hearing testimony, and Dr. Veluz's consultative examination report. (Tr. at 37.) For example, in light of the medical records and Dr. Veluz's report, the ALJ found Plaintiff's testimony regarding her suffering from overwhelming pain lacked "sufficient credibility to outweigh the contrary evidence." (*Id.*) Because the ALJ weighed all relevant evidence within the record, his consideration of the SDM's report reflecting Dr. Veluz's opinion is, at most, a harmless error. *See Castel*, 355 F. App'x at 265.

    D.    ALJ's Duty to Develop the Record

Whether or not a claimant is represented by counsel, the ALJ "has a duty to develop a full and fair record." *George v. Astrue*, 338 Fed. Appx. 803, 805 (11th Cir. 2009). Unless the administrative record as a whole is "inadequate or incomplete or 'show[s] the kind of gaps in the evidence necessary to demonstrate prejudice,'" remand is not required. *George*, 338 Fed. Appx. at 805. Despite Social Security courts' inquisitorial nature, a claimant bears the burden of proving his disability and is thus responsible for producing evidence in support of his claim. *See* 20 C.F.R. § 416.912(a); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). However, the ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for the decision to enable a reviewing court to determine whether the ultimate decision is

based on the substantial evidence. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). A statement that the ALJ carefully considered all the testimony and exhibits is not sufficient. *Id.* Only when an unrepresented claimant unfamiliar with hearing procedures appears before the court is the ALJ's placed under a special, heightened duty. *See Ellison*, 355 F.3d at 1276-77.

Here, the ALJ fully and fairly developed the record. The ALJ's duty to develop the record did not rise to the level of the special, heightened duty because an attorney represented Plaintiff at her administrative hearing. (Tr. at 11.) Though Plaintiff possesses the right to disagree with the ALJ's determination that Plaintiff was not disabled, Plaintiff remains responsible for producing evidence in support of her claim. *See* 20 C.F.R. § 416.912(a); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Here, the ALJ properly considered all the evidence presented by Plaintiff in the record. (Tr. at 34-38.) As previously referenced, the ALJ thoroughly reviewed and weighed Dr. Russell's opinion against Plaintiff's testimony, her medical records, and Dr. Veluz's assessment. (*Id.* at 35-37.) Additionally, the ALJ relied on the testimony of Dr. Nadolsky, a vocational expert, where he opined that Plaintiff is "capable of performing her past relevant work, both as actually and generally performed." (*Id.* at 38.) Further, despite Plaintiff's thorough presentation of the relevant law in her appeal, she fails to

point to additional evidence indicating the ALJ's failure to fairly develop the record. Stating that "the ALJ's decision simply is not based upon substantial evidence," without presenting evidence demonstrating the ALJ's failure to consider all evidence, is clearly insufficient. (Doc. 7 at 9). *See* 20 C.F.R. § 416.912(a); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Therefore, Plaintiff's argument fails on two separate fronts. First, the ALJ properly reviewed and considered all the evidence presented in the record. (Tr. at 34-38.) Second, Plaintiff failed to produce or exhibit any additional evidence in support of her claim that the ALJ's decision is not based upon substantial evidence. (Doc. 7 at 9.)

IV.   Conclusion

Upon review of the administrative record, and considering all of Ms. Echols's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 30th day of July 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458